107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Maxine JARRELL; Richard Jarrell, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-3451.
 United States Court of Appeals, Sixth Circuit.
 Feb. 11, 1997.
 
 1
 Before: SILER, COLE, and VAN GRAAFEILAND,* Circuit Judges.
 
 ORDER
 
 2
 Maxine Jarrell and Richard Jarrell, Ohio citizens, appeal pro se a district court judgment dismissing their complaint filed under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This case arises out of allegations that one Stephen Jarrell was beaten while in the Army in 1971, resulting in his permanent disability due to head injuries, and that military medical personnel covered up this incident. Stephen's mother and brother, the plaintiffs in this case, have cared for him since that time, but were not able to establish his disability and eligibility for benefits until 1992. In 1994, Stephen Jarrell filed a case under the Federal Tort Claims Act (FTCA), based on his alleged beating, that was dismissed under the doctrine of Feres v. United States, 340 U.S. 135 (1950), and because the statute of limitations had run. Stephen filed a second action based on the alleged alteration of his records by military medical personnel, after he had been discharged and was being treated as a dependent of a service member. That case was dismissed under the doctrine of res judicata, as the issue of whether the statute of limitations had run had been determined in the first action. Maxine and Richard Jarrell then filed this complaint, seeking $20 million, based on the allegation of a cover-up. A magistrate judge recommended that the complaint be dismissed for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6). Over the objections of the Jarrells, the district court adopted this recommendation and dismissed this case as barred by the Feres doctrine and res judicata.
 
 
 4
 Upon de novo review, we conclude that this case was properly dismissed, as the plaintiffs could prove no set of facts which would entitle them to the relief requested. See Miller v. Currie, 50 F.3d 373, 377 (6th Cir.1995). This claim was barred by res judicata. See Black v. Ryder/P.I.E. Nationwide, Inc., 15 F.3d 573, 582 (6th Cir.1994). The claim should have been presented with Stephen Jarrell's earlier complaints, and the issue of whether the statute of limitations had run has been conclusively determined.
 
 
 5
 Moreover, the dismissal of this complaint can also be affirmed on alternate grounds. See Allen v. Diebold, Inc., 33 F.3d 674, 676 (6th Cir.1994). Claims based on misrepresentation and deceit such as that raised in this case are specifically excluded by the FTCA. See Berger v. Pierce, 933 F.2d 393, 397 (6th Cir.1991); Deloria v. Veterans Admin., 927 F.2d 1009, 1012-13 (7th Cir.1991).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Ellsworth A. Van Graafeiland, Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation